**[J-64-2013] [OAJOC: Stevens, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 23 EAP 2013
:
        Appellee : Appeal from the Judgment of Superior
: Court entered September 11, 2012 at No.
: 1336 EDA 2010, affirming the Judgment of
        v. : Sentence entered April 16, 2010 in the
: Court of Common Pleas of Philadelphia
: County, Criminal Division, at Nos. CP-51-
HAROLD WINSTON NOEL, JR., : CR-0011510-2008; CP-51-CR-0011511-
: 2008 and MC-51-CR-0033142-2008
        Appellant :
: ARGUED:  September 11, 2013
:

**DISSENTING OPINION**

**MADAME JUSTICE TODD**                       **DECIDED:  November 21, 2014**

I agree with the view expressed by Justice Baer in his thoughtful Concurring Opinion that the Opinion Announcing the Judgment of the Court does not adequately acknowledge the gravity of the error committed by the trial court in using a bifurcated, hybrid method of jury selection not authorized by Pa.R.Crim.P. 631.  I also agree with Justice Baer that the trial court should have suspended jury selection once it became clear that insufficient numbers of prospective jurors remained to complete jury selection by the list method, and then resumed the following day with a fresh panel of prospective jurors added to the depleted pool.  With respect to the question of whether this error caused Appellant to suffer actual prejudice, however, I agree with Justice Saylor that the Commonwealth had the unshifting burden to prove, beyond a reasonable doubt, that the trial court's error was harmless, and that the Commonwealth did not attempt to satisfy this burden.  Accordingly, I join his Dissenting Opinion.

I note that our Court granted allowance of appeal to also consider the question of whether the trial court's error was *per se* prejudicial. Commonwealth v. Noel, 65 A.3d 385 (Pa. 2013) (order). I find considerable force in the arguments of *amicus*, the Pennsylvania Association of Justice, that the right to exercise peremptory challenges in the manner provided for by Pennsylvania law is a critical component of the right to a trial by jury protected by Article I, Section 6 of the Pennsylvania Constitution. See Commonwealth v. Fugmann, 198 A. 99, 111 (Pa. 1938) (right to jury trial in Article I, Section 6 reflects the "cardinal principle . . . that the essential features of trial by jury as known at the common law shall be preserved," and that one of those essential features includes "an ample right of challenge both for cause and peremptorily, secured to defendant."). Further, the Supreme Court of the United States in Rivera v. Illinois, 556 U.S. 148 (2009), expressly recognized that "[s]tates are free to decide, as a matter of state law, that a trial court's mistaken denial of a peremptory challenge is reversible error *per se*." Id. at 162. Since that decision, the high courts of four of our sister states have found the wrongful denial of a litigant's right to exercise peremptory challenges — afforded to the litigant under the law of those jurisdictions — prejudicial *per se*, as a matter of state law, and, thus, constitutes reversible error necessitating a new trial. See Commonwealth v. Hampton, 928 N.E.2d 917 (Mass. 2010); People v. Hecker, 942 N.E.2d 248 (N.Y. 2010); State v. Yai Bol, 29 A.3d 1249 (Vt. 2011); State v. Mootz, 808 N.W.2d 207 (Iowa 2012).

However, my review of Appellant's brief to our Court indicates that he abandoned any claim that he suffered prejudice *per se*, since he advances no argument in this regard; to the contrary, he states that "it is not necessary for [our] Court to find that all violations of Rule 631(E)(1) are prejudicial *per se*." Appellant's Brief at 19. Thus, resolution of this discrete question must await a future case.